IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNETTE TOCE and ERIC TOCE, § § Plaintiff, § § v. § § HAYS COMPANIES, CARGILL MEAT § LOGISTICS SOLUTIONS, INC., and § VICTOR T. COX, § § Defendants, § | Civil Action No. _____. |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. § 1446 DIVERSITY**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Please take notice that Defendant Cargill Meat Logistics Solutions, Inc., ("Defendant"), hereby remove to this Court the state court action described herein.

### I. Background

1. On August 8, 2018, an action was commenced in East Baton Rouge Parish styled *Johnette Toce and Eric Toce v. Hays Companies, Cargill Meat Logistics Solutions, Inc., and Victor T. Cox*, Docket No. C-672210 SEC.22 (the "State Court Action"). A copy of Plaintiff's Original Petition for Damages is attached hereto as Exhibit A.

2. Cargill was served with the State Court Action on October 29, 2018. (*See* Exhibit B) On November 12, 2018, Defendants filed an Answer (*See* Exhibit C)

3. In their Complaint, Plaintiffs brought negligence claims against the Defendants based on a vehicular accident that allegedly occurred on August 6, 2017.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C § 1332(a) and 28 U.S.C. § 1441 in that it is a civil action between citizens

of different states, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Defendants are removing this case within the 30-day period stipulated by the rules.

6. All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).  (Exhibit D)

7. In accordance with 28 U.S.C. § 1441(a), this matter is being removed to the U.S. District Court for the Middle District of Louisiana because this Court is the Court for the district and division embracing the place where such action is pending, i.e., East Baton Rouge Parish, Louisiana.

8. Defendant will promptly file a copy of this notice of removal with the clerk of the state court in which the action is pending.

**II.     There is a complete diversity of citizenship between the Plaintiffs and Defendants.**

9. The Federal Rules provide that a defendant may remove any civil action filed in state court where there is complete diversity of citizenship between the defendants and the plaintiffs.  28 U.S.C. § 1441(a) and (b).

10. Complete diversity exists here because none of the Defendants have the same state of residency as the Plaintiffs.

11. Plaintiffs are Louisiana residents.

12. Defendant Cargill Meat Logistics Solutions, Inc. is a Kansas corporation with a principal place of business of Wichita, Kansas

13. Defendant Victor T. Cox is an individual and is a resident of Georgia.

14. Defendant The HG Group, Inc. f/k/a The Hays Group, Inc. d/b/a Hays Companies is a Minnesota corporation with a principal place of business of Minneapolis, Minnesota.

### III. The amount in controversy is in excess of $75,000.

15. When a plaintiff does not plead an amount in controversy, a defendant may establish it by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). Removal is appropriate because it is facially apparent from the Petition and apparent from the exhibits attached to this Notice that the amount in controversy exceeds $75,000.

16. Plaintiffs have failed to specify that the amount in controversy is less than $75,000 as is required by Louisiana Code of Civil Procedure article 893(A)(1). That section provides that while no specific monetary amount of damages shall generally be included in the allegations or prayer for relief, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount *is required*." La. C.C.P. Art. 893(A)(1) (emphasis added). Failure to include such an allegation is a factor that should be considered by the federal court. *See Tolar v. Greif, Inc.*, No. 12-6-FJP-SCR, 2012 WL 689164, at *4 (M.D. La. Feb. 9, 2012).

17. Plaintiffs also refused to stipulate that the amount in controversy is less than $75,000 when asked to do so. (Exhibit E) *See Blackburn v. Jones*, 2012 WL 832359 (M.D. La. Feb. 8, 2012) (plaintiff's refusal to stipulate that damages were less than $75,000 was evidence that the required amount in controversy was satisfied). In fact, Plaintiffs' counsel affirmatively represented that the medical expenses alone were over $75,000 and that Ms. Toce had undergone at least one back surgery and needed a surgery to her neck. (Exhibit E)

18. Plaintiffs claim that Ms. Toce was injured when Defendant Cox "carelessly slammed into the rear of the 2015 BMW [in which she was a passenger]. This impact was so great,

and the BMW suffered damages so extensive, that it was inoperable and had to be towed from the scene." (Petition at ¶ 5)

19. Plaintiffs claim the following damages for Johnette Toce:

   a. Sever and painful personal injuries to the bones, muscles, ligaments, tendons, nerves, blood vessels, and other structures of her face, head, neck, back, shoulders, chest, arms, legs, knees, and other parts of her body, including but not limited to, injures to her nervous systems, psyche and the other systems of her body (Petition at ¶ 7);

   b. Extreme anxiety, mental anguish and torment (Petition at ¶ 7);

   c. Excruciating physical pain and suffering (Petition at ¶ 7);

   d. An intervertebral annual tear (Petition at ¶ 7);

   e. Disc herniations in her lumbar spine (Petition at ¶ 7);

   f. Disc bulge with nerve impingement in her cervical spine (Petition at ¶ 7);

   g. Severe physical pain (Petition at ¶ 7);

   h. Keen mental anguish (Petition at ¶ 7);

   i. Extensive medical and related expenses in the past (Petition at ¶¶ 7 and 10);

   j. Medical and related care in the future, potentially including surgeries and hospitalizations (Petition at ¶¶ 7 and 10);

   k. Being handicapped in her activities of daily living (Petition at ¶ 7);

   l. Requiring other persons to care for her basic needs (Petition at ¶ 8);

   m. Requiring other persons to perform the normal household chores and lawn care duties that she otherwise would have done herself in the past and future (Petition at ¶ 8);

   n. Permanent disfigurement (Petition at ¶ 7);

      o. Permanent disability (Petition at ¶ 7);

      p. Permanent loss of life enjoyment (Petition at ¶ 7);

      q. Loss of enjoyment of love, society, affection, and normal marital relations of her husband (Petition at ¶ 10);

      r. Serious impact to her family life (Petition at ¶ 10); and

      s. Loss of her ability to secure health, life, and/or disability insurance, or a dramatically increased cost for insurance (Petition at ¶ 12).

Plaintiffs have also alleged the following damages for Eric Toce:

      t. Prevention from enjoying the love, society, affection, and normal marital relations (Petition at ¶ 11); and

      u. Serious impact to his family life in the past and future (Petition at ¶ 11).

Plaintiffs have also requested attorney's fees (Petition at p.6).[1]

    20.    The claimed damages are, by a preponderance of the evidence, likely to exceed the jurisdictional threshold of $75,000. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (motion to remand was properly denied when plaintiff alleged injuries to right wrists, left knee and patella, and upper and lower back). Plaintiffs claim that Ms. Toce suffered injuries to multiple body systems (skeletal, muscular, nervous, and circulatory) over nearly her entire body (face, head, neck, back, shoulders, chest, arms, legs, knees, and other parts of her body). (Petition at ¶ 7) These alleged injuries include multiple spinal injuries including an intervertebral annual tear, multiple disc herniations in her lumbar spine, and a disc bulge with nerve impingement in her cervical spine. (Petition at ¶ 7) Plaintiffs also allege pain, mental anguish, disfigurement, and a

---

[1] Further, the Plaintiffs have admitted, by demanding a jury trial, their damages exceed $50,000. See La. C.C.P. Art. 1732(A)(1) ("A trial by jury shall not be available in . . . [a] suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs . . .").

host of other categories of damages.  Plaintiffs claim that these alleged damages exceed $75,000.  (Exhibit E)

**IV.     All Defendants have consented to removal.**

21.     The HG Group, Inc. f/k/a The Hays Group, Inc. d/b/a Hays Companies has consented to removal.  (Exhibit F)

22.     Victor T. Cox has consented to removal.  (Exhibit G)

                    Respectfully submitted,

/s/ James R. Nieset, Jr.
James R. Nieset, Jr.
Louisiana Bar No. 24856
jnieset@phjlaw.com
PORTEOUS HAINKEL JOHNSON
704 Carondelet Street
New Orleans, Louisiana 70130
Tel:  504/581-3838
Fax:  504/412-6353


*/s/ Christy Amuny*
Christy Amuny
Louisiana Bar No. 32973
camuny@germer.com
GERMER PLLC
550 Fannin, Suite 400
Beaumont, Texas  77701
Tel:  409/654-6700
Fax: 409/835-2115

***COUNSEL FOR DEFENDANT
CARGILL MEAT LOGISTICS SOLUTIONS, INC.,***

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November, 2018, a true and correct copy of the foregoing document was served through the court's electronic filing system through ECF notifications upon:

André F. Toce
Jessica L. Yaeger
THE TOCE FIRM, APLC
969 Coolidge Boulevard
Lafayette, LA 70503
(866) 306-9336 - FAX
andre@toce.com
Jessica.yaeger@toce.com

By: /s/ *James R. Nieset, Jr.*
James R. Nieset, Jr.